UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 13-10709-RGS

KEVIN D. HICKS

v.

KELLY A. RYAN, et al.

MEMORANDUM AND ORDER

September 16, 2013

STEARNS, D.J.

Plaintiff Kevin Hicks is proceeding pro se. Now before the Court is plaintiff Hicks' amended complaint (#23) and the two motions to dismiss filed by defendants Grenier, Lucia and UMass Correctional Health. See ## 24, 26. Plaintiff Hicks has not filed an opposition to defendants' motions to dismiss.

BACKGROUND

Plaintiff Kevin Hicks, an inmate at MCI Shirley, initiated this action seeking equitable relief and monetary damages resulting from the alleged violation of his constitutional rights. In his original complaint, Hicks alleges that various prison officials and employees violated his rights concerning disciplinary proceedings, religious observance, medical care, employment and confiscation of his property. By Memorandum and Order dated May 9, 2013, Hicks was advised, among other things, that his First Amendment Free Exercise claim survived preliminary screening. See Docket No. 18. At that time, Hicks was directed to show cause why his employment claim under the Americans With Disabilities Act and the remaining Section 1983 claims should not be dismissed, or in the alternative, he shall file an amended complaint. Id.

On June 20, 2013, Hicks filed an amended complaint. See Docket No. 23. In his amended complaint, plaintiff again brings his claims pursuant to the federal Civil Rights Act, 42 U.S.C. § 1983, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 et seq., and he adds

claims pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq. Id. at p. 1. The amended complaint names the same ten[1] defendants as in his original complaint and adds the Massachusetts Department of Correction as an eleventh defendant. See Docket No. 23. The gravemen of plaintiff's claims appear to be same as that alleged in the original complaint. Id.

On July 3, 2013, defendant Umass Correctional Health moved to dismiss pursuant to Rule 12(b) (1) and defendants Grenier and Lucia moved to dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. See Docket Nos. 24, 26. On August 16, 2013, defendant Ryan was granted an extension of time until September 20, 2013, to answer the amended complaint. See Docket No. 30.

## DISCUSSION

Plaintiff's amended complaint simply restates the facts alleged in his original complaint. The Court has reviewed the factual allegations the Amended Complaint and find that they are again insufficient to state (1) a cognizable claim under the Americans With Disabilities Act; (2) a loss of property claim; (3) a plausible claim of deliberate indifference to serious medical need; (4) a cognizable Section 1983 action concerning defendant Bariamis' actions or inactions with regard to Hicks' grievances; (5) a plausible due proceed claim concerning plaintiff's disciplinary proceedings; (6) a viable claim for denial of his right of access to the courts; (7) a plausible claim that harassing and intimidating conduct rises to the level of cruel and unusual punishment; (8) a plausible constitutional claim concerning plaintiff's classification and placement; (9) a cognizable claim of retaliatory discipline; and (1) an equal protection claim against any of the named defendants.

---

[1]These ten defendants are Warden Kelly A. Ryan; Superintendent Karen Dinardo; Commissioner Luis Spencer; UMass Correctional Health; Correctional Officer Matthew Arpano; Correctional Officer Powers; Correctional Officer Matthew Tolman; Correctional Officer Timothy Bariamis; nurse Aimee Grenier; and nurse Lucia Hatch. See Am. Compl., ¶¶ 3-13.

After carefully reviewing plaintiff's Amended Complaint, I find that plaintiff has failed to demonstrate any reason, except for the Free Exercise claim against Warden Ryan, why the remaining claims against the remaining defendants should not be dismissed. The Court will allow the unopposed motions to dismiss filed by defendants Grenier, Lucia and UMass Correctional Health. See Docket Nos. 24, 26.

## ORDER

ACCORDINGLY, for the reasons stated above, it is hereby Ordered that:

(1) UMass Correctional Health's Motion to Dismiss the Amended Complaint (Docket No. 24) is ALLOWED;

(2) Amy Grenier and CNA Lucia's Motion to Dismiss the Amended Complaint (Docket No. 26) is ALLOWED;

(3) In accordance with this Court's order dated May 9, 2013, and the plaintiff not having shown good cause why the claims, except for the Free Exercise claim against Warden Ryan, should not be dismissed be dismissed, it is ORDERED that the remaining claims against defendants Karen Dinardo, Luis Spencer, UMass Correctional Health; Matthew Arpano, Ms. Powers, Matthew Tolman, Timothy Bariamis, Aimee Grenier, Lucia and the Department of Correction are dismissed pursuant to pursuant to 28 U.S.C. § 1915(e)(2).

(4) Defendant Ryan is reminded that her answer to the Amended Complaint is due by September 20, 2013. See Docket No. 30.

SO ORDERED.

/s/ Richard G. Stearns  
UNITED STATES DISTRICT JUDGE