UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 13-10709-RGS

KEVIN D. HICKS

v.

KELLY A. RYAN, et al.

MEMORANDUM AND ORDER

January 21, 2014

STEARNS, D.J.

This matter is before me on a Motion to Dismiss, or in the alternative, For Summary Judgment filed by defendant Kelly Ryan seeking dismissal of the claims filed against her by plaintiff Kevin Hicks. See Docket No. 32. Also pending is Hicks' Motion for Stay of Execution seeking reconsideration of the Court's September 16, 2013 Memorandum and Order. See Docket No. 39. After consideration of the parties' pleadings, and for the reasons stated below, I DENY Plaintiff's motion and GRANT Defendant's motion as follows.

MOTION FOR STAY OF EXECUTION

Plaintiff Kevin Hicks, an inmate at MCI Shirley, initiated this action seeking equitable relief and monetary damages resulting from the alleged violation of his constitutional rights. By Memorandum and Order dated May 9, 2013, Hicks was advised, among other things, that all but one of his claims were subject to dismissal. See Docket No. 18. At that time, Hicks was directed to show cause why his employment claim under the Americans With Disabilities Act and the remaining Section 1983 claims should not be dismissed, or in the alternative, he shall file an amended complaint. Id.

On June 20, 2013, Hicks filed an amended complaint that added the Department of Correction as an eleventh defendant and added a claim under the Rehabilitation Act of 1973, 29

U.S.C. § 701. On July 3, 2013, defendant UMass Correctional Health moved to dismiss pursuant to Rule 12(b) (1) and defendants Grenier and Lucia moved to dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. See Docket Nos. 24, 26.

By Memorandum and Order dated September 16, 2013, the Court granted the pending motions to dismiss and, in accordance with the May 9 Memorandum and Order, dismissed all but Hick's Free Exercise claim against defendant Ryan for failing to show good cause why they should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2). See Docket No. 31. By Electronic Order dated October 3, 2013, the motion for entry of final judgment filed by defendants Grenier, Lucia and UMass Correctional health was denied. See Docket No. 37.

On October 3, 2013, Hicks filed a Notice of Appeal and a Motion For Stay of Execution.[1] In his one-page motion, Hicks explains that he was unable to respond to the defendants' motions to dismiss because he never received copies. No opposition has been filed to plaintiff's motions.

A close examination of the four documents that plaintiff says he did not receive reveals that defense counsel failed to properly serve copies on the pro se plaintiff. See Docket Nos. 24-27. The following certificate of service electronically signed by James A. Bello:

> I hereby certify that on **July 3, 2013**, a true copy of the above document was served upon the plaintiff, through his attorney, with the court electronically through filing with the ECF system.

Local Rule 5.4 requires a party to serve papers electronically "[u]nless exempt or otherwise ordered by the Court." See District of Massachusetts Local Rules 5.4(A) (electronic filing generally). Section H(3) of the court's Electronic Case Filing Administrative Procedures, which are posted on the court's web site, explains that "[t]he party filing the document electronically is responsible for serving a paper copy of the document by mail in accordance with Rule 5(b) to those case participants who have not been identified on the NEF as electronic recipients." See District of Massachusetts

---

[1] Hick's appeal was dismissed as premature. No. 13-2250 (1st Cir. Nov. 1, 2013).

Case Mgmt./Elec. Case Files Admin. Procedures as amended through July, 2011, http://www.mad.uscourts.gov/caseinfo/pdf/ECFadminProc.pdf.

Here, because the plaintiff is proceeding pro se and is without access to the ECF system, counsel should have sent paper copies via first class mail. Even so, plaintiff is under the misconception that the court's decision to dismiss the "remaining complaints [was] due to [his] alleged failure to respond to defendants' motions which plaintiff never received." Pl. Mot. The May 9 Memorandum and Order notified Hicks of the claims that were subject to dismissal and he was granted an opportunity to show good cause why they should not be dismissed. In response to the show cause order, Hicks filed an amended complaint. However, a close reading of the court's May 9 Memorandum and Order show that all of Hick's claims, save the Free Exercise claim against defendant Ryan, were dismissed for failing to show good cause why they should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Although the court allowed the motions to dismiss, the Court found that Hicks failed to show good cause. Accordingly, plaintiff's motion to stay execution is DENIED.

MOTION TO DISMISS, OR IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

I.   <u>Defendant's Motion will be Treated as Motion for Summary Judgment</u>

The only remaining claim is plaintiff's Free Exercise claim against Warden Ryan. Plaintiff alleges that he is being prevented from practicing his religion because he isn't allowed to "enjoy his full religious rights" by not being able to attend church services. Am. Compl., ¶ 35. Hicks contends that he was not allowed to attend chapel because he was in the infirmary and was told that if he went to the Assisted Daily Living section of the infirmary he could attend chapel services. <u>Id.</u> at ¶¶ 18, 20. Hicks alleges that he preferred to stay in the infirmary where he received visits from nuns who stayed for 2-5 minutes. <u>Id.</u> at ¶ 19.

Defendant Ryan filed a motion to dismiss, or in the alternative, for summary judgment arguing that plaintiff has failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act. See Docket No. 32. With the motion, defendant filed a Memorandum in Support that includes an affidavit and a copy of the inmate grievance regulations. See Docket No. 33. Plaintiff filed a response in opposition. See Docket No. 42.

A motion to dismiss under Rule 12(b)(6) and a motion for summary judgment under Rule 56 "share a functional nexus." Fleming v. LindWaldock & Co., 922 F.2d 20, 23 (1st Cir.1990). The fundamental difference between the two motions is whether the court will consider "matters 'outside' the pleadings." See id. On a motion to dismiss the court only considers the pleadings. See id.[2] On a motion for summary judgment, however, the court will consider other evidence, such as affidavits. See id. A court can transform a motion to dismiss into a motion for summary judgment. See id.; Fed.R.Civ.P. 12(d). Because resolution of the motion here requires consideration of matters outside the pleadings, the Court will treat it as a motion for summary judgment.

II.   Standard of Review

Summary judgment is appropriate when the moving party shows, based on the discovery and disclosure materials on file, and any affidavits, that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A]n issue is 'genuine' if it 'may reasonably be resolved in favor of either party.'" Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir.2008) (quoting Garside v. Osco Drug Inc., 895 F.2d 46, 48 (1st Cir.1990)). "A fact is material only if it possesses the capacity to sway the outcome of the litigation under the applicable law." Id. (quotations, punctuation, and citations omitted).

The moving party bears the initial burden of establishing that there is no genuine issue of

---

[2]Material attached to a complaint, or incorporated by reference, are a part of the pleading itself, and the Court may consider them without converting a motion to dismiss into a motion for summary judgment. Trans–Spec Truck Serv. v. Caterpillar, 524 F.3d 315, 321 (1st Cir.2008).

material fact. See Borges ex rel. S.M.B.W. v. Serrano–Isern, 605 F.3d 1, 5 (1st Cir.2010). If that burden is met, the opposing party can avoid summary judgment only by providing properly supported evidence of disputed material facts that would require a trial. LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir.1993), cert. denied, 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). Accordingly, "the nonmoving party 'may not rest upon mere allegation or denials of his pleading,'" but must set forth specific facts showing that there is a genuine issue for trial. Id. (quoting Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986)). "Factual specificity is required; a conglomeration of 'conclusory allegations, improbable inferences, and unsupported speculation' is insufficient to discharge the nonmovant's burden." DePoutot v. Raffaelly, 424 F.3d 112 (1st Cir. 2012) (citing Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). The court must view the record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. See O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir.1993).

III.     Exhaustion

The Prison Litigation Reform Act ("PLRA") sets forth certain requirements before a suit by a prisoner can be filed in federal court. See 42 U.S.C. § 1997e ; Woodford v. Ngo, 548 U.S. 81, 84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). The PLRA was intended to reduce frivolous prisoner litigation relating to conditions of confinement. Woodford, 548 U.S. at 84–85. Among other things, the statute requires that prisoners exhaust administrative remedies before filing suit. See 42 U.S.C. § 1997e(a);1997e ;[3] Woodford, 548 U.S. at 84; Medina–Claudio v. Rodriguez–Mateo, 292 F.3d 31, 34 (1st Cir.2002); Restucci v. Clarke, 669 F. Supp. 2d 150, 159 (D. Mass. 2009).

"[T]here is no futility exception under [the PLRA]." Putnam v. Winn, 441 F. Supp. 2d 253,

---

[3]The PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

255 (D. Mass. 2006) (citing Woodford, 548 U.S. at 85); see also Nyhuis v. Reno, 204 F. 3d 65, 71-72 (2rd Cir. 2000). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). The PLRA exhaustion requirement demands compliance with the prison's administrative grievance procedures. Id. at 218 (explaining that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion"). Pursuant to Mass. Gen. L. c. 124, § 1(i) & (q) and c. 127, § 38E, the Massachusetts Commissioner of Correction issues regulations outlining inmate grievance procedures, which are codified at 103 Mass.Code Regs. § 491.00 et seq. See 103 CMR 491.04.

Ryan contends that Hicks cannot maintain his Free Exercise claim because he did not exhaust his administrative remedies because he did not submit a grievance regarding this issue. The Institutional Grievance Coordinator, Timonty Bariamis, avers that he is unable to locate any grievances filed by inmate Hicks concerning his allegations that his ability to practice his religion has been interfered with or his allegations that he is unable to go to the chapel. See Docket No. 33-1. Bariamis was able to locate grievances filed by Hicks concerning missing property, loss of canteen sanction, stamp purchases, non-functioning computers in the law library; however, these claims are not before the Court.

In his two-page opposition, Hicks raises numerous arguments as to why this case should not be dismissed and argues that he has exhausted his administrative remedies and also that he should not be obligated to do so. Hicks expresses his desire for discovery so that he can show how often he filed grievances.[4] See Docket No. 42. He explains that he made many attempts to file grievances

---

[4] Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

and that the defendant and Bariamis "conspired to deny [him] access to the court by intercepting requests for records[,] "denying his requests based on his inability to divine dates[,]" and conspiring with the objective to "frustrate lawsuits by convicts and deny them access to the courts and apply double standards to themselves to deny grievances to plaintiff and to thwart lawsuits by convicts." Id.  Hicks argues that he cannot be expected to know what dates to place on his grievances because he was "locked up" without "calendars or any watches" and had "no way of knowing the time or date [he] was expected to divine the dates and put such dates on grievances." Id.  He seeks discovery to "show how many times Hicks sought to comply with minutiae and unreasonable requests of defendants." Id.  Hicks complains that Bariamis has not ruled on Hick's grievance for denial of access to law materials dating back to March 2013. Id.  Finally, Hicks states that "Bariamis and Warden Ryan considered themselves above the law and violated Hicks rights on a continuing basis and nothing would satisfy them except to stop the grievances by Hicks." Id.

      Here, Hick's general statements are insufficient to overcome the detailed facts contained in the Bariamis's affidavit reciting the results of his search in the DOC's grievance files for any grievances filed by Hicks concerning his Free Exercise claims.  Moreover, the Court will not provide Hicks with an opportunity to conduct discovery.  The Bariamis affidavit shows that plaintiff has not filed any grievances concerning his Free Exercise claims.  Hick's argument that the grievance procedure was unavailable to him because of the actions of defendant and Bariamis is conclusory and insufficient to counter the defendant's properly supported summary-judgment motion. Hicks fails to provide any details concerning his effort to file grievances.  Although his reply references one grievance concerning the law library, there is not one specific mention of any effort to grieve a religious observance claim.  His conclusory statements are belied by the evidence the defendant has produced , including several other grievances that were filed by plaintiff, despite the fact that they may not have complied with DOC procedures or were never appealed.  For theses reasons, defendant's motion for summary judgment will be granted.

7

## ORDER

ACCORDINGLY, it is hereby Ordered that the motion of the defendant to dismiss or for summary judgment, treated as a motion for summary judgment, is GRANTED; and plaintiff's Motion for Stay of Execution is DENIED.

SO ORDERED.

/s Richard G. Stearns
UNITED STATES DISTRICT JUDGE